**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS WILLIAMS, | No. CV 15-05691-AB (KK) |
| Plaintiff, | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| JOHN SOTO, et al., | |
| Defendants. | |

Plaintiff Travis Williams ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), against four defendants employed as Correctional Officers by the California Department of Corrections and Rehabilitation: (1) John Soto, the warden at Lancaster State Prison; (2) Lieutenant G. Marshall; (3) Sergeant G. Rodriguez; and (4) Officer Moisa. The Complaint alleges defendants used excessive force against Plaintiff, threatened retaliation against Plaintiff if he pursued his allegations of excessive force, and attempted to cover up the alleged excessive force. The Court has now screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Based upon the reasons set forth

below, the Court dismisses the Complaint with leave to amend.

## I.

### **PLAINTIFF'S ALLEGATIONS**

The Complaint names four defendants: John Soto, the warden at Lancaster State Prison, Lieutenant G. Marshall, Sergeant G. Rodriguez, and Correctional Officer Moisa. Complaint at 4-5. Plaintiff sues each of the four named defendants in both their individual and official capacities. Id.

Plaintiff alleges he was assaulted by Officer Moisa on June 21, 2015. Id. at 1-4. According to the Complaint, as Plaintiff began walking to the chow line, Officer Moisa hit Plaintiff in the face, again in the neck, and then twisted his right arm behind his back. Id. at 2. When Plaintiff jumped backwards, Officer Moisa "attacked" him with "chemical pepper spray MK-9 Magnum Foam." Id. Plaintiff alleges that after being sprayed with pepper spray, he was told "to turn around and lay out, which [he] did." Id. Plaintiff was then escorted to the program office and placed in a holding cell. Id.

After approximately one hour, Sergeant Rodriguez approached Plaintiff and asked what happened. Id. When Plaintiff explained he had been subjected to excessive force, Sergeant Rodriguez told Plaintiff he "would be going to the hole, [his] property would be lost, and [he] would get it some more if [he] went any further with these allegations." Id.

Plaintiff alleges that "[b]ecause of the threat of further physical, mental, and emotional harm, [he] did as instructed." Id. Plaintiff alleges he was instructed to say on video camera that neither Officer Moisa, nor any other officer, used excessive force. Id.

Plaintiff alleges John Soto, the warden, "failed to properly train his officers in the use of force (reasonable force) to maintain control of a situation" and "failed to take corrective action after the incident was reported." Id. at 6. Plaintiff alleges Lieutenant Marshall was aware of Sergeant Rodriguez' threats and did nothing, and failed to take corrective action after learning of the excessive force allegations. Id. at 2,6.

Lastly, Plaintiff alleges "the above named officers attempted to cover up the excessive use of force (staff misconduct) instead of taking corrective action." Id. at 6.

Plaintiff's sole claim is for violation of the Eighth Amendment by use of excessive force. Id. Plaintiff seeks monetary relief and requests that all defendants be reprimanded and relieved of their duties. Id. at 7.

## II.

### STANDARD OF REVIEW

As Plaintiff is proceeding *in forma pauperis*, the court must screen the Complaint, and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668

1 F.3d 1108, 1112 (9th Cir. 2012).

2  Under Rule 8(a), a complaint must contain a "short and plain 3 statement of the claim showing that the pleader is entitled to 4 relief." Fed. R. Civ. P. 8(a)(2). A complaint may be dismissed for 5 failure to state a claim "where there is no cognizable legal theory or 6 an absence of sufficient facts alleged to support a cognizable legal 7 theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) 8 (citation and internal quotation marks omitted). In considering 9 whether a complaint states a claim, a court must accept as true all of 10 the material factual allegations in it. Hamilton v. Brown, 630 F.3d 11 889, 892-93 (9th Cir. 2011). However, the court need not accept as 12 true "allegations that are merely conclusory, unwarranted deductions 13 of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 14 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation 15 marks omitted). Although a complaint need not include detailed 16 factual allegations, it "must contain sufficient factual matter, 17 accepted as true, to state a claim to relief that is plausible on its 18 face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation 19 and internal quotation marks omitted). A claim is facially plausible 20 when it "allows the court to draw the reasonable inference that the 21 defendant is liable for the misconduct alleged." Id. (citation and 22 internal quotation marks omitted). The complaint "must contain 23 sufficient allegations of underlying facts to give fair notice and to 24 enable the opposing party to defend itself effectively." Starr v. 25 Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

26  "A document filed *pro se* is to be liberally construed, and a *pro 27 se* complaint, however inartfully pleaded, must be held to less 28 stringent standards than formal pleadings drafted by lawyers."

Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)(citations and internal quotation marks omitted); Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).  The Court has "an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

## III.

## DISCUSSION

**A.   Plaintiff's Official Capacity Claims**

    **1.   Requirements for Stating Section 1983 Official Capacity Claims**

The U.S. Supreme Court has held an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the official personally, for the real party in interest is the entity."  Graham, 473 U.S. at 166.  Because no respondeat superior liability exists under Section 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom.  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).  A plaintiff must show "that a [county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard

1   operating procedure of the local governmental entity." Gillette v.
2   Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks
3   omitted).  In addition, he must show that the policy was "(1) the
4   cause in fact and (2) the proximate cause of the constitutional
5   deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

    **2.  Analysis**

    Here, Plaintiff sues each defendant in his official capacity, but fails to identify any official policy or longstanding custom as the cause of any constitutional deprivation.  In fact, the thrust of Plaintiff's Complaint is that defendants Marshall, Soto, Rodriguez and Moisa were acting *in violation of* the relevant policies regarding excessive force.  See e.g. Complaint at 6 (alleging defendants' actions were committed in violation the Eighth Amendment and the Law Enforcement Code of Ethics). Thus, having failed to identify a custom or policy, Plaintiff's official capacity claim against defendants Soto, Marshall, Rodriguez and Moisa must be dismissed.

**B.  Plaintiff's Individual Capacity Claims**

    In contrast to suits against governmental officers in their official capacities, individual capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law." Graham, 473 U.S. at 165.

    "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In short, "there must be a showing of personal participation in the alleged rights deprivation . . . ." Jones v. Williams, 297

1  F.3d 930, 934 (9th Cir. 2002) (internal citation omitted).

2      **1.**   **Plaintiff's Eighth Amendment Excessive Force Claim**

3          **a.**   **Legal Standard**

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In determining whether the use of force is excessive, courts are instructed to examine: (1) the extent of the injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; and (4) whether the force was applied in a good faith effort to maintain and restore discipline. Hudson v. McMillian, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

As with any Eighth Amendment violation, Plaintiff must prove the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319-20, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). Neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause [of the Eighth Amendment]." Id.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10. An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id. (quoting Johnson v.

Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). Where the force is alleged to have resulted from a personal altercation rather than from disciplinary action, the "core judicial inquiry" is not whether a certain quantum of injury was sustained, but rather "whether force was applied . . . maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) (*per curiam*); see also Hudson, 503 U.S. at 7; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard "examines whether the use of physical force is more than *de minimis*").

"[V]erbal harassment generally does not violate the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (holding disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment). Neither are mere threats generally "sufficiently serious" to violate the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (*per curiam*).

Also, a police officer who is merely a bystander to his colleagues' conduct cannot be found to have caused any injury. Hopkins v. Bonvicino, 573 F.3d 752, 770 (9th Cir. 2009); see also Chuman v. Wright, 76 F.3d 292, 295 (9th Cir. 1996) (rejecting a jury instruction that allowed the jury to "lump all the defendants together, rather than require it to base each individual's liability on his own conduct"). Instead, a plaintiff must establish the "integral participation" of the officers in the alleged constitutional violation. Torres v. City of Los Angeles, 548 F.3d 1197, 1206 (9th Cir. 2008) (detective who was not present when suspect was arrested,

did not instruct other detectives to arrest suspect, and was not consulted by other detectives before arrest was not "integral participant" in use of excessive force).

### b.  Excessive Force Claim against Defendant Moisa

Here, Plaintiff alleges defendant Moisa hit Plaintiff in the face, again in the neck, and then twisted his right arm behind his back.  Complaint at 2.  When Plaintiff jumped backwards, Officer Moisa "attacked" him with "chemical pepper spray MK-9 Magnum Foam."  Id.  Plaintiff alleges that after being sprayed with pepper spray, he was told "to turn around and lay out, which [he] did."  Id.  Based on the Hudson factors, the Court finds these allegations sufficiently state a Section 1983 claim of excessive force against defendant Moisa in his individual capacity.  See Hudson, 503 U.S. at 7.

### c.  Excessive Force Claim against Defendants Soto, Marshall, and Rodriguez

Plaintiff alleges defendant Rodriguez threatened to send Plaintiff "to the hole," and further physical violence.  Complaint at 2.  Because threats alone are generally insufficient to state a claim for violation of the Eighth Amendment, the Complaint fails to state an excessive force claim against defendant Rodriguez due to his alleged threats.  Keenan, 83 F.3d at 1092; Farmer, 114 S. Ct. at 1977.

Additionally, Plaintiff does not allege defendants Soto, Marshall, or Rodriguez were present during the assault.  In fact, Plaintiff specifically alleges defendant Rodriguez approached him while he was in the holding cell about an hour after the assault.  Complaint at 2.  Plaintiff alleges defendants Soto and Marshall failed to take corrective action *after* learning of the assault.  Complaint at 6.  Because defendants Rodriguez, Soto, and Marshall were not present

during the assault and were not integral participants in the assault, the Complaint fails to state an excessive force claim against defendants Rodriguez, Soto, or Marshall.  Torres, 548 F.3d at 1206.

### 2. **Plaintiff's First Amendment Retaliation Claims against Defendant Rodriguez**

While the statement of Plaintiff's claims in the Complaint only alleges a violation of the Eighth Amendment by use of excessive force, it appears from the factual allegations that Plaintiff is asserting a First Amendment retaliation claim against defendant Rodriguez. Complaint at 2, 4, 6.  Accordingly, because *pro se* plaintiffs are to be accorded the "benefit of any doubt" and *pro se* complaints are to be liberally construed "however inartfully pleaded," the Court construes the Complaint as alleging a claim for violation of the First Amendment against defendant Rodriguez.  Erickson, 551 U.S. at 94.

#### a. Legal Standard

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Prisoners have a clearly established First Amendment right to file prison grievances and to be free from retaliation for doing so. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).  Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) the prisoner engaged in protected conduct; (2) an assertion that a state actor took some adverse action against an inmate; (3) the adverse action was "because of" the prisoner's protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v.

1  Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).
2       The Ninth Circuit has held that "an objective standard governs
3  the chilling inquiry; a plaintiff does not have to show that 'his
4  speech was actually inhibited or suppressed,' by the adverse action
5  but rather that the action at issue 'would chill or silence a person
6  of ordinary firmness from future First Amendment activities.'"
7  Brodheim, 584 F.3d at 1270 (quoting Rhodes, 408 F.3d at 568-69); see
8  also Pinard v. Clatskanie School District, 467 F.3d 755, 770 (9th Cir.
9  2006).  Threats of physical harm, while insufficient on their own to
10 constitute a violation of the Eighth Amendment, may constitute an
11 "adverse action" in the context of a First Amendment retaliation
12 claim.  Watison, 668 F.3d at 1115-16 (finding defendant officer's
13 threat to hit plaintiff in the mouth was an "adverse action"); see
14 also Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001) (holding the
15 mere *threat* of prison transfers can constitute adverse action for
16 purposes of retaliation claims).  Both litigation in court and filing
17 inmate grievances are "protected activities" and it is impermissible
18 for prison officials to retaliate against inmates for engaging in
19 these activities.  See Rhodes, 408 F.3d at 567; Austin v. Terhune, 367
20 F.3d 1167, 1171 (9th Cir. 2004) (holding placement in administrative
21 segregation for engaging in such protected activities constitutes an
22 "adverse action" under Rhodes).  "Because direct evidence of
23 retaliatory intent rarely can be pleaded in a complaint, allegation of
24 a chronology of events from which retaliation can be inferred is
25 sufficient to survive dismissal."  Watison, 668 F.3d at 1114; Pratt,
26 65 F.3d at 808 ("timing can properly be considered as circumstantial
27 evidence of retaliatory intent").
28 ///

**b. Analysis**

Here, Plaintiff alleges he told defendant Rodriguez and a nurse "in complete detail that officer Moisa used extreme excessive force and it was not warranted." Complaint at 2. He also attaches as Exhibit A to the Complaint a copy of an inmate grievance filled out on June 21, 2015, the date of the assault, describing the incident in detail. Id. at Ex. A. Plaintiff was therefore engaged in the protected activity of filing an inmate grievance.

Second, Plaintiff alleges defendant Rodriguez, a Sergeant at Lancaster State Prison, threatened him with placement in administrative segregation and physical harm. Therefore, Plaintiff has alleged that a state actor took adverse action against him.

Third, Plaintiff alleges Rodriguez threatened him with placement in administrative segregation and physical harm "if [he] went any further with these allegations [of excessive force]." Complaint at 2. Hence, Plaintiff has alleged the adverse action was "because of" the prisoner's protected conduct.

Fourth, Plaintiff sufficiently pleads chilling conduct that "would chill or silence a person of ordinary firmness" – threats of physical violence. See Watison, 668 F.3d at 1116.

Finally, the facts Plaintiff alleged implicitly pleaded the fifth element, because threatening physical violence in retaliation for engaging in conduct protected by the First Amendment serves no correctional interest. Id. Plaintiff also alleges he complied throughout the incident. Complaint at 2. Therefore, it is reasonable to infer there was no legitimate correctional goal threatening violence against Plaintiff.

Consequently, the Court finds these allegations sufficiently state a Section 1983 claim of retaliation against defendant Rodriguez in his individual capacity.

## IV.
### LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT within 21 days of the service date of this Order**:

1) **Plaintiff may file a First Amended Complaint ("FAC") to attempt to cure the deficiencies with his official capacity and excessive force claims.** The Clerk is directed to provide Plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate Plaintiff's filing of an FAC if he elects to proceed with this action. Plaintiff is strongly encouraged to use that form.

2) **Alternatively, Plaintiff may voluntarily dismiss all of the identified deficient claims and proceed solely on his remaining claims.** In other words, Plaintiff must file a voluntary dismissal of (i) all claims against defendants Soto, Marshall, Rodriguez, and Moisa in their official capacities, and (ii) his excessive force claim against defendants Soto, Marshall, and Rodriguez in their individual capacities. Plaintiff's remaining claims are (i) excessive force against defendant Moisa in his individual capacity, and (ii) retaliation against defendant Rodriguez in his individual capacity. **If Plaintiff elects to dismiss the deficient claims, he should file within 21 days of the service date of this Order, a document captioned**

13

**"Voluntary Dismissal" in which he identifies the claims he is dismissing from the action.** The Clerk is directed to provide Plaintiff with a Notice of Voluntary Dismissal Form, CV-09.

3) If Plaintiff chooses to file a FAC, the FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the Complaint or any other pleading, attachment, or document.

**Plaintiff is admonished that if he fails to timely file a sufficient FAC or notice of voluntary dismissal of the deficient claims, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

DATED: September 8, 2015

HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE